IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY L HAMPTON,<br><br>              Plaintiff,<br><br>       v.<br><br>S. WONG, et al.,<br><br>              Defendants. | No.  2:20-CV-1501-DMC-P<br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, Daniel Hampton, is an inmate at Mule Creek State Prison.  Plaintiff names as defendants: (1) Dr. S Wong, (2) Dr. Kelly Kanwar, and (3) Dr. Zackhary.  Plaintiff requests punitive and compensatory damages from defendants in both their individual and official capacities.

Plaintiff alleges that each of the defendants violated his Eighth Amendment rights by failing to meet his medical needs.  Plaintiff alleges that Dr. Wong violated his Eighth Amendment rights by ignoring medical request forms for months and not giving proper instruction as to the treatment of his infected tooth to Dr. Kanwar and Dr. Zackhary.  Plaintiff alleges that Dr. Kanwar violated his Eighth Amendment rights by performing a surgery to implant metal plates in his jaw without removing an infected and impacted tooth.  Plaintiff alleges that Dr. Zackhary violated his Eighth Amendment rights by removing the plates from his jaw, removing the infected tooth, but then failing to replace the plate.  The injuries plaintiff alleges arise from an infected, impacted wisdom tooth, surgery for a broken jaw, and a subsequent surgery removing the infected tooth. See ECF No. 1 at 3.  He claims to continue suffering complications including the inability to taste with the left side of his mouth and tongue, inability to sleep on the left side of his face, inability to shave with an electric razor, and inability to chew solid foods, as well as being unable to treat several cavities due to a hairline fracture in plaintiff's jaw.  Id.

Plaintiff began reporting his pain using 7219 medical forms sometime in early December of 2018.  Id. at 5.  He continued filing an unspecified number of complaints that went unanswered through April 1, 2019.  Id.  Plaintiff claims to have attempted to speak to a facility nurse, who he could not identify, at an unspecified time, and that the nurse did not respond to

him.  Id.  Between December of 2018 and April 1, 2019, plaintiff claims to have been provided no medical services.  Id.

As part of plaintiff's annual physical, the date of which is unspecified, he was examined by Duong Tanh, a facility dentist.  Id.  The dentist told him that he had an impacted wisdom tooth that was "grossly infected."  Id.  The dentist contacted plaintiff's primary care provider, one of the named defendants, Dr. S. Wong, and informed him of plaintiff's medical condition.  Id. at 6.

Dr. Wong met with the plaintiff the next day to provide an examination with what plaintiff described as, "clear reluctance."  Id.  During this meeting plaintiff told Dr. Wong he had been experiencing the pain for five months, and that he had sent Dr. Wong multiple 7219 medical forms.  Id.  Dr. Wong indicated to plaintiff that he had seen the forms, but that plaintiff had only said that he was in pain, which was not specific enough information to call plaintiff in for an examination.  Id.  Plaintiff does not argue that he included anything other than a general pain he was experiencing in the forms provided to Dr. Wong.  Id.  Dr. Wong told plaintiff that he would be scheduled to go to the hospital to have the tooth removed.  Id.  The original scheduled date for the tooth removal was not specified by plaintiff.  Id.

On April 15, 2019, before plaintiff was scheduled to have his tooth removed, he had a nightmare which caused him to fall off his bunk and break the left side of his jaw.  Id. at 7.  Plaintiff was sent to San Joaquin General Hospital for treatment and was seen by another of the named defendants, Dr. Kelly Kanwar.  Id.  During a consultation relating to plaintiff's surgery for his broken jaw on April 16, 2019, plaintiff asserts that he told Dr. Kanwar about his infected tooth and the pain it had caused him.  Id.  Dr. Kanwar informed plaintiff he had not been told about a tooth removal by Dr. Wong, and that he did not intend to remove the tooth.  Id.  Plaintiff refused to have his mouth wired shut due to preexisting medical conditions and instead chose to undergo a procedure to place plates and screws in his jaw.  Id. at 8.  As Dr. Kanwar left the consultation, plaintiff raised the issue of his impacted tooth, and the doctor did not respond.  Id.

///

///

3

Plaintiff's surgery to implant the plate occurred on April 17, 2019.  Id. at 7.  Plaintiff asserts that Dr. Kanwar failed to remove the infected tooth and placed two of the screws securing the plate through the tooth.  Id. at 8, 10.  Plaintiff further asserts that this caused his jaw to heal incorrectly and caused the hardware to become infected, and require a second surgery to remove the hardware.  Id. at 8, 10.

On July 26, 2019, plaintiff met with Dr. Wong.  Id. at 11.  During this meeting plaintiff complained of extreme pain.  Id. at 12.  Dr. Wong told plaintiff that the pain was normal, to "put on his big boy pants," and refused to provide plaintiff with painkillers other than Ibuprofen.  Id.  The next day plaintiff went to CTC/TTA for medical treatment and was taken to Clinic Community Medical Center, where he met with named defendant, Dr. Zachkary.  Id. at 12-13.  Dr. Zackhary removed the plates from plaintiff's jaw.  Id. at 13.  When plaintiff asked if Dr. Zackhary would be replacing the plates, Dr. Zackhary told plaintiff that Dr. Wong had not noted the plates were to be replaced.  Id.

Plaintiff claims that CDCR/Medical, San Joaquin General Hospital, and Clinic Community Medical Center have conspired in making false medical reports related to plaintiff's condition.  Id. at 14.

Plaintiff alleges that the defendants' actions as described above result in an Eighth Amendment violation for failure to meet medical needs.

## II.  DISCUSSION

The Court finds that plaintiff states a cognizable Eighth Amendment claim for failure to meet plaintiff's medical needs against defendant S. Wong based on plaintiff's allegations defendant Wong ignored requests for medical care.  The Court, however, finds that plaintiff does not allege sufficient facts to establish an Eighth Amendment claim against defendant Wong based on failure to properly instruct other defendants. The Court also finds that plaintiff fails to establish a cognizable Eighth Amendment claim against the remaining defendants for a failure to meet plaintiff's medical needs.

/ / /

4

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### A.   Defendant S. Wong

Plaintiff alleges Eighth Amendment violations by defendant Wong based on: (1) ignoring requests for treatment; and (2) failing to properly instruct.  Each claim is discussed below.

#### 1.   Ignoring Requests for Treatment

Plaintiff alleges that Dr. S. Wong deprived him of his Eighth Amendment right to proper medical care by ignoring plaintiff's medical requests for five months, as well as by failing to instruct Dr. Kanwar to remove the infected tooth prior to surgery, and failing to instruct Dr. Zackhary to replace the plates in plaintiff's jaw after removing plaintiff's infected tooth.  See ECF No. 1 at 5-8, 10, 13-14.  Plaintiff describes experiencing severe pain that existed for a five-month period, between December of 2018 and April of 2019, in which plaintiff submitted medical forms requesting assistance from Dr. Wong.  See ECF No. 1 at 5.  Plaintiff's condition was of such a nature that a reasonable doctor would find it of note, and in fact did find it of note

6

when plaintiff was examined, not by Dr. Wong, but by a facility dentist who saw that the impacted tooth was severally infected. Id. By ignoring plaintiff's requests for medical attention, Dr. Wong arguably caused plaintiff to spend five months in unnecessary pain, before being seen for medical treatment. As such, Dr. Wong acted with deliberate indifference towards plaintiff's serious medical needs relating to the five-month delay.

### 2. Failing to Properly Instruct

Plaintiff does not provide sufficient facts to show that Dr. Wong acted with deliberate indifference in not providing instructions to Dr. Kanwar or Dr. Zackhary relating to the surgeries that plaintiff experienced. While plaintiff may have disagreed with these actions, that only demonstrates a difference of medical opinion and is not enough to suggest deliberate indifference. See Jackson, 90 F.3d at 332. Further, even if failing to remove the tooth prior to implantation of the plate, and failure to replace the plate after removal of the tooth were incorrect, such conduct would only show negligence, which does not give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106.

While it does not appear that plaintiff can allege facts to state a cognizable claim against defendant Wong based on failing to properly instruct, in an abundance of caution the Court will nonetheless grant plaintiff leave to amend.

### B.     **Defendants Kanwar and Zackhary**

Plaintiff's allegations against Dr. Kanwar and Dr. Zackhary fail to state an actionable Eighth Amendment claim. Plaintiff contends that Dr. Kanwar should have removed the tooth before the surgery to place the plates in plaintiff's jaw and that Dr. Zackhary should have replaced the plate in plaintiff's jaw once the tooth had been removed. These allegations, however, demonstrate a difference of opinion regarding medical treatment and, as such, do not allege a violation of the Eighth Amendment. See Jackson, 90 F.3d at 332. Even if Plaintiff's allegations do show that the decisions that the doctors made were incorrect, negligence in medical diagnosis or treatment alone does not give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106.

///

Again, while it does not appear that plaintiff can allege facts to state a cognizable claim against defendants Kanwar and Zackhary, the Court will nonetheless grant plaintiff leave to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  September 16, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8