1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DANNY L HAMPTON,                          No.  2:20-CV-1501-WBS-DMC

12                   Plaintiff,

13           v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    S. WONG, et al.,

15                   Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the Court is plaintiff's complaint, ECF No. 1.

19           The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

with at least some degree of particularity overt acts by specific defendants which support the

claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the Court to conduct the screening required by law when the allegations are vague

and conclusory.

On September 16, 2020, the Court issued an order addressing Plaintiff's

complaint.  See ECF No. 10.  The Court summarized Plaintiff's allegations as follows:

> Plaintiff, Daniel Hampton, is an inmate at Mule Creek State
> Prison.  Plaintiff names as defendants: (1) Dr. S Wong, (2) Dr. Kelly
> Kanwar, and (3) Dr. Zackhary.  Plaintiff requests punitive and
> compensatory damages from defendants in both their individual and
> official capacities.
> Plaintiff alleges that each of the defendants violated his
> Eighth Amendment rights by failing to meet his medical needs.  Plaintiff
> alleges that Dr. Wong violated his Eighth Amendment rights by ignoring
> medical request forms for months and not giving proper instruction as to
> the treatment of his infected tooth to Dr. Kanwar and Dr. Zackhary.
> Plaintiff alleges that Dr. Kanwar violated his Eighth Amendment rights by
> performing a surgery to implant metal plates in his jaw without removing
> an infected and impacted tooth.  Plaintiff alleges that Dr. Zackhary
> violated his Eighth Amendment rights by removing the plates from his
> jaw, removing the infected tooth, but then failing to replace the plate.  The
> injuries plaintiff alleges arise from an infected, impacted wisdom tooth,
> surgery for a broken jaw, and a subsequent surgery removing the infected
> tooth.  See ECF No. 1 at 3.  He claims to continue suffering complications
> including the inability to taste with the left side of his mouth and tongue,
> inability to sleep on the left side of his face, inability to shave with an
> electric razor, and inability to chew solid foods, as well as being unable to
> treat several cavities due to a hairline fracture in plaintiff's jaw.  Id.
> Plaintiff began reporting his pain using 7219 medical forms
> sometime in early December of 2018.  Id. at 5.  He continued filing an
> unspecified number of complaints that went unanswered through April 1,
> 2019.  Id.  Plaintiff claims to have attempted to speak to a facility nurse,
> who he could not identify, at an unspecified time, and that the nurse did
> not respond to him.  Id.  Between December of 2018 and April 1, 2019,
> plaintiff claims to have been provided no medical services.  Id.
> As part of plaintiff's annual physical, the date of which is
> unspecified, he was examined by Duong Tanh, a facility dentist.  Id.  The
> dentist told him that he had an impacted wisdom tooth that was "grossly
> infected."  Id.  The dentist contacted plaintiff's primary care provider, one
> of the named defendants, Dr. S. Wong, and informed him of plaintiff's
> medical condition.  Id. at 6.
> Dr. Wong met with the plaintiff the next day to provide an
> examination with what plaintiff described as, "clear reluctance."  Id.
> During this meeting plaintiff told Dr. Wong he had been experiencing the
> pain for five months, and that he had sent Dr. Wong multiple 7219
> medical forms.  Id.  Dr. Wong indicated to plaintiff that he had seen the
> forms, but that plaintiff had only said that he was in pain, which was not

specific enough information to call plaintiff in for an examination.  Id.
Plaintiff does not argue that he included anything other than a general pain
he was experiencing in the forms provided to Dr. Wong.  Id.  Dr. Wong
told plaintiff that he would be scheduled to go to the hospital to have the
tooth removed.  Id.  The original scheduled date for the tooth removal was
not specified by plaintiff.  Id.

On April 15, 2019, before plaintiff was scheduled to have
his tooth removed, he had a nightmare which caused him to fall off his
bunk and break the left side of his jaw.  Id. at 7.  Plaintiff was sent to San
Joaquin General Hospital for treatment and was seen by another of the
named defendants, Dr. Kelly Kanwar.  Id.  During a consultation relating
to plaintiff's surgery for his broken jaw on April 16, 2019, plaintiff asserts
that he told Dr. Kanwar about his infected tooth and the pain it had caused
him.  Id.  Dr. Kanwar informed plaintiff he had not been told about a tooth
removal by Dr. Wong, and that he did not intend to remove the tooth.  Id.
Plaintiff refused to have his mouth wired shut due to preexisting medical
conditions and instead chose to undergo a procedure to place plates and
screws in his jaw.  Id. at 8.  As Dr. Kanwar left the consultation, plaintiff
raised the issue of his impacted tooth, and the doctor did not respond.  Id.

Plaintiff's surgery to implant the plate occurred on April
17, 2019.  Id. at 7.  Plaintiff asserts that Dr. Kanwar failed to remove the
infected tooth and placed two of the screws securing the plate through the
tooth.  Id. at 8, 10.  Plaintiff further asserts that this caused his jaw to heal
incorrectly and caused the hardware to become infected, and require a
second surgery to remove the hardware.  Id. at 8, 10.

On July 26, 2019, plaintiff met with Dr. Wong.  Id. at 11.
During this meeting plaintiff complained of extreme pain.  Id. at 12.  Dr.
Wong told plaintiff that the pain was normal, to "put on his big boy
pants," and refused to provide plaintiff with painkillers other than
Ibuprofen.  Id.  The next day plaintiff went to CTC/TTA for medical
treatment and was taken to Clinic Community Medical Center, where he
met with named defendant, Dr. Zachkary.  Id. at 12-13.  Dr. Zackhary
removed the plates from plaintiff's jaw.  Id. at 13.  When plaintiff asked if
Dr. Zackhary would be replacing the plates, Dr. Zackhary told plaintiff
that Dr. Wong had not noted the plates were to be replaced.  Id.

Plaintiff claims that CDCR/Medical, San Joaquin General
Hospital, and Clinic Community Medical Center have conspired in
making false medical reports related to plaintiff's condition.  Id. at 14.

Plaintiff alleges that the defendants' actions as described
above result in an Eighth Amendment violation for failure to meet medical
needs.

ECF No. 10, pgs. 2-4.

The Court concluded the complaint states a cognizable claim for relief against

Defendant Wong based on Plaintiff's allegations Defendant Wong ignored requests for medical

care.  See id. at 4.  The Court, however, determined the complaint is insufficient as to Plaintiff's

Eighth Amendment claim against Defendant Wong based on failure to properly instruct other

defendants.  See id.  The Court also determined the complaint fails to state a claim for relief

against any other named defendant.  See id.

As to claims found to be defective, the Court stated:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.
>
> Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
>
> The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.
>
> Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of

treatment does not give rise to an Eighth Amendment claim.  See <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

* * *

Plaintiff does not provide sufficient facts to show that Dr. Wong acted with deliberate indifference in not providing instructions to Dr. Kanwar or Dr. Zackhary relating to the surgeries that plaintiff experienced.  While plaintiff may have disagreed with these actions, that only demonstrates a difference of medical opinion and is not enough to suggest deliberate indifference.  See <u>Jackson</u>, 90 F.3d at 332.  Further, even if failing to remove the tooth prior to implantation of the plate, and failure to replace the plate after removal of the tooth were incorrect, such conduct would only show negligence, which does not give rise to a claim under the Eighth Amendment. <u>See Estelle</u>, 429 U.S. at 106.

While it does not appear that plaintiff can allege facts to state a cognizable claim against defendant Wong based on failing to properly instruct, in an abundance of caution the Court will nonetheless grant plaintiff leave to amend.

* * *

Plaintiff's allegations against Dr. Kanwar and Dr. Zackhary fail to state an actionable Eighth Amendment claim.  Plaintiff contends that Dr. Kanwar should have removed the tooth before the surgery to place the plates in plaintiff's jaw and that Dr. Zackhary should have replaced the plate in plaintiff's jaw once the tooth had been removed.  These allegations, however, demonstrate a difference of opinion regarding medical treatment and, as such, do not allege a violation of the Eighth Amendment.  See <u>Jackson</u>, 90 F.3d at 332.  Even if Plaintiff's allegations do not show that the decisions that the doctors made were incorrect, negligence in medical diagnosis or treatment alone does not give rise to a claim under the Eighth Amendment.  See <u>Estelle</u>, 429 U.S. at 106.

Again, while it does not appear that plaintiff can allege facts to state a cognizable claim against defendants Kanwar and Zackhary, in an abundance of caution the Court will nonetheless grant plaintiff leave to amend.

ECF No. 10, pgs. 5-8.

Plaintiff was provided an opportunity to file a first amended complaint and cautioned that failure to do so within the time provided would result in findings and recommendations that the defective claims be dismissed.  Plaintiff has not filed an amended complaint within the time provided and the Court now recommends dismissal of Plaintiff's Eighth Amendment claim against Defendant Wong based on Plaintiff's allegations Defendant Wong failed to properly instruct other defendants as well as all of Plaintiff's claims against Defendants Kanwar and Zackhary.  By separate order issued herewith, the Court directs service on Defendant Wong as to Plaintiff's claim that Defendant Wong ignored requests for medical

care.

Based on the foregoing, the undersigned recommends that:

1.     Plaintiff's claim against Defendant Wong based on Plaintiff's allegations Defendant Wong failed to properly instruct other defendants be dismissed;

2.     Plaintiff's claims against Defendant Kanwar and Zackhary be dismissed and Kanwar and Zackhary be terminated as defendants to this action; and

3.     This action proceed solely on Plaintiff's claim against Defendant Wong that Defendant Wong ignored requests for medical care.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 8, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE