**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY L. HAMPTON, | No. 2:20-CV-1501-WBS-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. WONG, | |
| Defendant. | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion to dismiss. ECF No. 23. Defendant contends Plaintiff's claims for declaratory and injunctive relief are moot. Defendant also contends the case should be dismissed for failure to notify the Court of a change of address.

## I. BACKGROUND

### A. Procedural History

In July 2020, Plaintiff brought his action under 42 U.S.C. Section 1983 while he was an inmate at Mule Creek State Prison. See ECF No. 1 at 1. Plaintiff brought his action against Defendants Wong, Kanwar and Zackhary for failing to meet his medical needs. Id. at 1-3. On June 1, 2020, the Court dismissed all claims pertaining to named Defendants Kanwar and

1

Zackhary.  See ECF No. 24.  The Court ordered the action to proceed solely on Plaintiff's claim against Defendant Wong on Plaintiff's allegation that Defendant Wong ignored Plaintiff's requests for medical care.  See id.

During the pendency of Plaintiff's action, he was released from prison.  See ECF Nos. 23-1 and 23-2 (Defendant's request for judicial notice and exhibits in support thereof).  Now before the Court is Defendant Wong's motion to dismiss.

**B.**     **Plaintiff's Allegations**

Plaintiff alleges that Defendant Wong violated his Eighth Amendment rights by ignoring medical requests for months.  The injuries Plaintiff alleges arise from an infected, impacted wisdom tooth, surgery for a broken jaw, and a subsequent surgery removing the infected tooth.  See ECF No. 1 at 3-7.  He claims to continue to suffer complications arising, in part, from Defendant's failure to timely to respond to his medical needs.  See id.

Plaintiff contends he began reporting his pain using "7219" medical forms sometime in early December of 2018.  See id. at 5.  He continued filing an unspecified number of complaints that went unanswered through April 1, 2019.  See id. at 6-7.  Between December of 2018 and April 1, 2019, Plaintiff claims he tried to speak with a nurse about his pain but claims no medical services were provided.

As part of Plaintiff's annual physical, which took place on an unspecified date, he was examined by Duong Tanh, a facility dentist.  Id. at 6.  The dentist explained that Plaintiff had an impacted wisdom tooth that was "grossly infected."  The dentist contacted Defendant, who is Plaintiff's primary care provider.  Id. at 5.

Defendant met with Plaintiff the next day to provide an examination with what Plaintiff describes as, "clear reluctance."  Id. at 6.  During the meetings Plaintiff told Defendant he had been experiencing pain for five months, and that he had sent Defendant multiple 7219 medical forms.  Id.  Defendant indicated to Plaintiff that he had seen the forms, but that Plaintiff had only said he was in pain, which was not specific enough information to call Plaintiff in for an examination.  Id.  It is undisputed that Plaintiff only stated he was in general pain on the medical forms.  Defendant told Plaintiff that he would be scheduled to go to the hospital to have the tooth

1  removed. Id. The original scheduled date for the tooth removal was not specified by Plaintiff.
2  Plaintiff later suffered an injury to his jaw that is unrelated to his impacted tooth which required
3  surgery from other doctors. See id. at 7. After surgery, Plaintiff asserts that he had complications
4  from surgery, in part due to his impacted tooth not being removed. See id. at 9.

## II. DISCUSSION

7  Defendant argues that Plaintiff's claims for declaratory and injunctive relief are
8  moot and must be dismissed. Defendant also argues that Plaintiff's complaint should be
9  dismissed because Plaintiff failed to provide notice to the Court pertaining to his change of
10 address after release from prison.

### A.   Mootness

12 Mootness pertains to a federal court's subject-matter jurisdiction under Article III
13 and these claims are properly raised in a motion to dismiss under Federal Rules of Civil
14 Procedure 12(b)(1). See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). When the Court
15 reviews a motion to dismiss under 12(b)(1), the Court is not limited to the face of the pleadings,
16 but may inquire by affidavits or otherwise, into the facts as they exist. See Land v. Dollar, 330
17 U.S. 731, 735 (1947). Furthermore, when the Court examines the allegations of a complaint to
18 determine whether they are sufficient to confer subject matter jurisdiction, all allegations of
19 material fact are taken as true and construed in light most favorable to the nonmoving party. See
20 Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).

21 A case is moot when the issues presented are no longer live or the parties lack a
22 legally cognizable interest in the outcome. Arizonans for Official English v. Arizona, 520 U.S.
23 43, 67 (1997). Declaratory and injunctive relief becomes moot when the plaintiff no longer
24 wishes or is no longer able to engage in the activity for which declaratory or injunctive relief was
25 sought. See Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (finding that a released prisoner
26 lacked an interest for injunctive and declaratory relief because he is no longer subject to the
27 prison conditions he challenges). Where the prisoner is challenging conditions of confinement
28 and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief

1  moot absent some evidence of an expectation of being transferred back.  See Preiser v. Newkirk,
2  422 U.S. 395, 402-03 (1975).   Yet, the Supreme Court has found that the assertion of a claim for
3  compensatory damages precludes dismissal for mootness.  See Board of Pardons v. Allen, 482
4  U.S. 369, 370 (1987) (holding release of plaintiffs on parole did not moot challenge to parole
5  release procedures because they asserted claims for damages); see also Uzuegbunam v.
6  Preczewski, 141 U.S. 792, 796-797 (2021) (holding that "an award of nominal damages by itself
7  can redress a past injury" and thereby save a case from mootness, even when injunctive claims
8  are concededly moot).
9         In his complaint, Plaintiff seeks declaratory and injunctive relief, as well as
10 compensatory damages.  Defendant argues that because Plaintiff was released from prison during
11 the pendency of the action, he is no longer subject to the prison conditions he challenges and, thus
12 his requests for declaratory and injunctive moot and should be dismissed pursuant to Federal Rule
13 of Civil Procedure 12(b)(1).  See ECF No. 23, pgs. 7-8.
14        The Court agrees that Plaintiff's declaratory and injunctive relief claims are no
15 longer viable because Plaintiff was released from prison during the pendency of his action.  Given
16 that Plaintiff has been released, equitable relief would accomplish nothing.  Mootness upon
17 release makes sense when injunctive or declaratory relief is sought from prison personnel whose
18 control over Plaintiff's medical care does not extend beyond the walls of the prison where the
19 Plaintiff formerly resided.  In such circumstances, medical personnel no longer have interactions
20 with prisoners and any chance of injury from prison personnel no longer exist.
21        Notably, however, the Court recognizes that Plaintiff also makes a claim for
22 compensatory damages against Defendant Wong related to delay in medical treatment, as to
23 which Defendant's mootness argument necessarily does not apply.  See Board of Pardons v.
24 Allen, 482 U.S. at 370; See ECF No.1 at 21.  Therefore, while the Court agrees that Plaintiff's
25 claims for declaratory and injunctive relief are moot, Plaintiff's claim for compensatory damages
26 is not.
27 / / /
28 / / /

B.     **Notice of Change of Address**

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. See Fed. R. Civ. P. 41(b). Under Local Rule 183(a), a party's failure to comply with this Court's local rules may be grounds for dismissal. Furthermore, Local Rule 183(b) states that "A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address." The Ninth Circuit held that a local rule conferring discretion on a court to dismiss a pro se plaintiff's complaint if the plaintiff fails to keep the court apprised of their correct address is proper grounds for dismissal. Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). In determining whether to dismiss a case based on failure to comply with Local Rule 183, courts consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, Defendant requests this Court to take judicial notice that Plaintiff is no longer housed at Mule Creek State Prison and was released in December of 2020. ECF No. 23-1. This Court takes judicial notice as to those facts.[1] The record reflects that Plaintiff has failed to comply with his affirmative duty to provide the Court with a valid address upon release from prison. See ECF No. 23-1. By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action. See E.D. Local Rule 183(a) & (b) (providing that, if a plaintiff fails to notify the Court and opposing parties within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute). Given Plaintiff's failure to update his contact information with Defendant and the Court—well beyond sixty-three days after Plaintiff's parole, the Court's need for expeditious resolution of litigation and docket management weigh in favor of dismissal. Lastly, delays in prosecution can

---

[1]     A fact is judicially noticeable when it is not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned. See Fed. R. Evid. 201(b)(2).

1  prejudice the Defendant because it presents a greater likelihood that evidence will be lost, or
2  memories or events will not be recalled easily.
3        Plaintiff has been paroled and has not notified the Court or Defendant of his new
4  address.  Plaintiff thus appears to have abandoned the litigation.  Dismissal without prejudice
5  under the local rules is appropriate.

### III.  CONCLUSION

8        Based on the foregoing, the undersigned recommends that Defendant's motion to
9  dismiss, ECF No. 23, be granted.
10        These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court.  Responses to objections shall be filed within 14 days after service of
14  objections.  Failure to file objections within the specified time may waive the right to appeal.  See
15  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  October 13, 2021

                                              DENNIS M. COTA
                                              UNITED STATES MAGISTRATE JUDGE